CV 20-6277

David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

---

United States of America ex rel. )
GNGH2 Inc., )
 )
         Plaintiff-Relator, )
 )
   - against - )   Index No.:
 )
SADELITE AGENCY / MS INC.; )
SOUTH SIDE AGENCY INC.; )
COUNTY AGENCY INC.; )
PREMIER CARE STAFFING )
BRENLEY NURSING STAFF INC. )
GRANDISON MANAGEMENT INC. )
ADVANCED CARE AGENCY INC )
NEW PREMIER MANAGEMENT LLC )
WALTRIP MANAGEMENT INCORPORATED )
TOWNE NURSING STAFF INC; )
TOWNE HEALTHCARE STAFFING LLC )
TOWNE SCHOOL NURSES, LLC )
TOWNE HOME CARE LLC ; and )
TOWNE STAFFING LLC )
 )
         Defendants. )

---

DONNELLY, J.

LEVY, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  DEC 28 2020  ★
BROOKLYN OFFICE

      Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.     This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, the

Defendants in this matter are all affiliates of eachother. Taken together, their size and revenues far exceed the maximum threshold for eligibility for disaster relief.

## II. Parties

2. Plaintiff-Relator GNGH2 is a New Jersey corporation.

3. Although not a Defendant in this matter, there is an individual known as Hershal Weber a/k/a Harold Weber ("Mr. Weber"). Mr. Weber resides in Williamsburg, Brooklyn, New York. Mr. Weber's son, Naftoly Weber, resides in Lakewood, New Jersey.

4. For many years, Mr. Weber, with the assistance of his son, has operated a large number of different entities ("Weber Entities") which recruit and employ nurses and other healthcare workers who perform services at nursing homes in New York, New Jersey, and other locations throughout the United States. The Weber Entities which received PPP disaster relief are as follows:

5. Defendant Sadelite Agency / MS Agency Inc. ("Sadelite Agency") is a New York business corporation with a principal place of business at 129 South 8th Street, Brooklyn, New York.

6. Defendant South Side Agency Inc ("South Side Agency"). is a New York business corporation with a principal place of business at 129 South 8th Street, Brooklyn, New York.

7. Defendant County Agency Inc. ("County Agency") is a New York business corporation with a principal place of business at 129 South 8th Street, Brooklyn, New York.

8. Defendant Premier Care Staffing Inc. ("Premier Care") is a New York business corporation with a principal place of business at 129 South 8th Street, Brooklyn, New York.

9. Defendant Brenley Nursing Staff Inc ("Brenley Nursing"). is a New York business corporation with a principal place of business at 1413 38th Street, Brooklyn, New York.

10. Defendant Grandison Management Inc. ("Grandison Management") is a New York business corporation with a principal place of business at 1413 38th Street, Brooklyn, New York.

11. Defendant Advanced Care Agency, Inc. ("Advanced Care Agency") is a New York business corporation with a principal place of business at 1413 38th Street, Brooklyn, New York.

12. Defendant New Premier Management LLC ("New Premier") is a New York limited liability company with a principal place of business at 1413 38th Street, Brooklyn, New York.

13. Defendant Waltrip Management Incorporated ("Waltrip Management") is a New Jersey business corporation with a principal place of business at 1413 38th Street, Brooklyn, New York.

14. Defendant Towne Nursing Staff Inc. ("Towne Nursing Staff") is a New York business corporation with a principal place of business at 1413 38th Street, Brooklyn, New York.

15. Defendant Towne Healthcare Staffing LLC ("Towne Healthcare Staffing") is a New Jersey limited liability company with a principal place of business at 5140 US Highway 9, Howell, New Jersey.

16. Defendant Towne School Nurses, LLC ("Towne School Nurses") is a New Jersey limited liability company with a principal place of business at 5140 US Highway 9, Howell, New Jersey.

17. Defendant Towne Home Care LLC ("Towne Home Care") is a New Jersey limited liability company with a principal place of business at 5140 US Highway 9, Howell, New Jersey.

18. Defendant Towne Staffing LLC ("Towne Staffing") is a New Jersey limited liability company with a principal place of business at 5140 US Highway 9, Howell, New Jersey.

### III. Compliance With Requirements of Suit

19. This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney's office.

20. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint or is served on the Defendant, it means that the matter has been duly unsealed.

### IV. Jurisdiction and Venue

21. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business. In this case, most of the Defendants are New York business entities with their offices in Brooklyn, New York.

### V. Relationship Among the Defendants

22. As noted above, all of the Defendants are under common control and management. Mr. Weber openly acts as the principal officer and owner of the following Defendants: Premier Care; Sadelite Agency; South Side Agency; and County Agency. All of these entities operate out of Mr. Weber's offices at 129 South 8th Street, Brooklyn, New York and all provide substantially the same services, which is to act as staffing agencies for healthcare workers.

23. The next Defendant, Brenley Nursing, is openly run by Mr. Weber and provides substantially the same services as Premier Care; Sadelite Agency; South Side Agency; and County Agency. The difference is that Brenley Nursing identifies a different address in Brooklyn as its principal office: 1413 38th Street, Brooklyn, New York, 11218.

23. The next set of Defendants, Towne Nursing Staff; Towne Staffing; Towne School Nurses; Towne Home Care; and Towne Healthcare Staffing are all clearly and obviously affiliated as can be seen from their common names; addresses; and owners and officers:

24. The web site of these Defendants (collectively referred to as the "Towne Nursing Entities"), lists a few addresses including 5140 US Highway 9 South, Howell, New Jersey 07731

4

and 1413 38th Street, Brooklyn, New York 11218. These are the exact addresses used by these Defendants used to apply for PPP disaster relief.

25. Further, the same web site identifies David Greisman (a/k/a Aaron David Greisman) as the President of Towne Nursing. At the same time, an individual named Meyer Greisman nominally serves as the Chief Executive Officer of Towne Nursing Staff. Meyer Greisman and David Greisman (collectively, the "Greismans") both reside in Lakewood, New Jersey and, upon information and belief, are father and son.

26. All of the Towne entities are nominally owned and operated by the Greismans.

27. Further, in 2015, David Greisman filed an affirmation in Brooklyn Supreme Court identifying himself as the Chief Executive Officer of Towne Nursing Staff. The affidavit, which is incorporated herein by reference, indicates that David Greisman is an "owner or manager" of the following entities: Towne Nursing Staff; Grandison Management; Advanced Care Agency; Brenley Nursing; and Waltrip Management. All of these entites were Plaintiffs in the proceeding and David Greisman submitted his affirmation on behalf of all of them.

28. In the same proceeding, Mr. Weber submitted an affirmation on behalf of all these entities indicating that all of these entities are affiliates. Although Mr. Weber's affirmation contained information which would be expected from a senior officer of each entity, it significantly failed to identify Mr. Weber's position with respect to these entities.

29. Further, in the same proceeding the Plaintiffs submitted a verified complaint with an email attached; the email referred to the Plaintiffs as "Weber PEOs and ASOs"

30. Thus, it reasonable to infer that Mr. Weber is the principal officer and owner of all of these Defendants and is simply concealing the existence and/or extent of his interest for nefarious reasons.

31. Finally, Defendant New Premier, which is located at the same address as the Plaintiffs in the Brooklyn Supreme Court proceeding, identifies its authorized representatives as Meyer Greisman and Mr. Weber.

32. Accordingly, it is clear that all of the Defendants in this matter are closely affiliated "Weber Entities" which operate at the same addresses for the same purposes.

**VI.   Background**

33. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

34. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

35. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

36. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

37. Each of the Defendants herein applied for and received such funding as follows:

| Party | Date | Amount |
| --- | --- | --- |
| SADELITE AGENCY | 5/1/2020 | $1m+ |
| SOUTH SIDE AGENCY | 5/1/2020 | $1m+ |
| COUNTY AGENCY | 4/30/2020 | $5m+ |
| PREMIER CARE | 4/30/2020 | $5m+ |
| BRENLEY NURSING | 5/1/2020 | $1m+ |
| GRANDISON MANAGEMENT | 5/1/2020 | $5m+ |

| | | |
|---|---|---|
| ADVANCED CARE AGENCY | 5/1/2020 | $1m+ |
| NEW PREMIER | 4/30/2020 | $350k+ |
| WALTRIP MANAGEMENT | 5/1/2020 | $350k+ |
| TOWNE NURSING STAFF | 4/28/2020 | $5m+ |
| TOWNE HEALTHCARE STAFFING | 4/30/2020 | $150k+ |
| TOWNE SCHOOL NURSES | 4/27/2020 | $150k+ |
| TOWNE HOME CARE | 4/30/2020 | $1m+ |
| TOWNE STAFFING | 5/3/2020 | $1m |
| Total: | | $27m+ |

38. With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

39. Looking at the Defendants as a whole, the Defendants had far more than the maximum assets, payroll size, and revenue for qualification. Indeed, the total amount of the loans appears to have exceeded the $10 million cap.

40. Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

41. These statements would have been made shortly before the dates set forth above. As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

42. Additionally, the PPP applications require that the monies be necessary to support the applicant's operations. Given that there has been a surge in demand for healthcare workers throughout the United States over the last 9 months, it is doubtful that this certification was accurate.

### VII. (Count I) Violation of the False Claims Act

43. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

44. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

45. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

### VIII. Relief Sought

46. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

47. The Defendants received at least approximately $27 million in disaster relief as a result of the certifications set forth above.

48.     Accordingly, Relator seeks judgment in the amount of $81 million against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*[signature]*

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
        December 21, 2020